**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| ROBERT FAGNANT AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LINDA FAGNANT, | ) ) ) ) | C.A. NO. 3:16-03626-JMC _____ |
| PLAINTIFF, | ) ) | |
| vs. | ) ) | |
| SSC SUMTER EAST OPERATING COMPANY, LLC D/B/A SUMTER EAST HEALTH AND REHABILITATION CENTER, PAUL GRANGER, AND JOHN AND JANE DOES 1-10, | ) ) ) ) ) ) ) | |
| DEFENDANTS. | ) ) | |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant SSC Sumter East Operating Company, LLC d/b/a Sumter East Health and Rehabilitation Center (hereinafter "Sumter East"), subject to and without waiving its right to compel this matter to arbitration, hereby removes the above-styled action to this Court from the Court of Common Pleas for the County of Sumter, South Carolina. In support thereof, Removing Defendant Sumter East states as follows:

1. Removing Defendant Sumter East respectfully removes this action pursuant to 28 U.S.C. § 1441(a) because it is between citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

2. Plaintiff Robert Fagnant, as Personal Representative for the Estate of Linda Fagnant, commenced this action on September 19, 2016 by filing a Complaint in the Court of

Common Pleas for Sumter County, South Carolina, styled *Fagnant v. SSC Sumter East Operating Company, LLC et al.*, C.A. No. 2016-CP-43-1742 ("State Court Action"). A copy of the docket sheet and all other documents on file with the Court of Common Pleas in the State Court Action are attached hereto as **Exhibit A**.

3. The Removing Defendant Sumter East was served with process on October 14, 2016. Accordingly, this notice of removal is timely. Upon information and belief, Defendant Paul Granger was served on October 17, 2016 and has not responsively plead to Plaintiff's Complaint.

4. Besides the Removing Defendant Sumter East, the only other named Defendants are either the fictitiously above-named Defendants (John and Jane Does 1-10) for whom no consent is required and Defendant Paul Granger, who was fraudulently joined, as explained more fully below. *See* 28 U.S.C. § 1446(b)(2) (noting that only "defendants who have been properly joined and served must join in or consent to the removal of the action").

## I.     DIVERSITY OF CITIZENSHIP

### A.     Citizenship of Plaintiff

5. Pursuant to 28 U.S.C. § 1332(a)(1), complete diversity of citizenship exists between the parties to the State Court Action.

6. Upon information and belief and according to the pleadings filed in the state court action, Plaintiff Robert Fagnant is a citizen of the State of South Carolina. Furthermore, Mr. Fagnant, in his capacity as the Personal Representative of the Estate of Linda Fagnant, must be deemed a citizen of the State of South Carolina because his decedent, Ms. Fagnant, while a resident at Defendant Sumter East, was a South Carolina citizen. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the

same State as the decedent….".)  Ms. Fagnant herself, at all times relevant to this Complaint, was a resident and citizen of the State of South Carolina as she is alleged to have been a resident at a skilled nursing facility in Sumter, South Carolina.

### B. Citizenship of Defendants

7. Defendant Sumter East is a limited liability company that was organized under the laws of Delaware.  As a limited liability company, Sumter East's citizenship is determined by the citizenship of its members.  *See Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120 (4th Cir. 2004).  Defendant Sumter East's sole member is South Carolina Holdco, LLC, itself a Delaware limited liability company.  Therefore, Sumter East's citizenship turns to the citizenship of the sole member of South Carolina Holdco, LLC, which is SSC Equity Holdings, LLC.

8. SSC Equity Holdings, LLC is also a Delaware limited liability company whose sole member is Master Tenant Parent Holdco, LLC which is also a Delaware limited liability company.  Therefore, Sumter East's citizenship turns to the citizenship of Master Tenant Parent Holdco, LLC.

9. Master Tenant Parent Holdco, LLC's sole member is SavaSeniorCare, LLC, itself a Delaware limited liability company whose sole member is Proto Equity Holdings, LLC.  As a result, Proto Equity Holdings, LLC citizenship would be determinative of Sumter East's citizenship. Proto Equity Holdings, LLC is a Delaware limited liability company whose sole member is Terpax, Inc., a Delaware Corporation with its principal place of business in Atlanta, Georgia.  Thus, Terpax, Inc. is a citizen of the States of Delaware and Georgia and Proto Equity Holdings, LLC, like Terpax, Inc., is a citizen of the States of Delaware and Georgia.  *See* 28 U.S.C. § 1332(c)(1); *see also*, *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011)(*citing Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186, 175 L. Ed. 2d 1029

(2010))("For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business. . . the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.")

10.     Removing Defendant Sumter East's citizenship, for purposes of determining diversity, is ultimately determined by Proto Equity Holding's citizenship as a citizen of Delaware and Georgia.

11.     Defendant Paul Granger is a citizen of the State of South Carolina. As explained in Section III below, however, Defendant Granger was fraudulently joined to the State Court Action. His presence therefore is ignored for federal diversity jurisdiction purposes.

12.     The Plaintiff's Complaint also names fictitious Defendant "John and Jane Does 1-10." Of course, these fictitious Defendants' (for whom no place of citizenship is even alleged) citizenship must also ignored. *See* 28 U.S.C. § 1441(b)(1).

13.     As a result, complete diversity exists between the two relevant parties, Removing Defendant Sumter East and Plaintiff Robert Fagnant, as Removing Defendant is a citizen of Delaware and Georgia and Plaintiff is citizen of South Carolina.

## II.     AMOUNT-IN-CONTROVERSY

14.     Plaintiff's Complaint asserts causes of action based on purportedly deficient care and treatment that Ms. Fagnant received during her residency at the Sumter East in 2014 (Compl. ¶¶30-32). Plaintiff contends that due to the purported negligence of all "Defendants," Ms. Fagnant "suffered from severe debilitating injuries which resulted in permanent decline (Compl. ¶ 43.)

15. The Complaint contains six causes of action. Specifically, Plaintiff alleges claims against all Defendants for negligence (Compl. ¶¶ 40-43 (Count I)); negligence per se (Compl. ¶¶ 44-49 (Count II)); fraud and misrepresentation (Compl. ¶¶ 50-60 (Count III)); violation of the unfair trade practices act (Compl. ¶¶ 61-69 (Count IV)); wrongful death (Compl. ¶¶ 69-70 (Count V)); and, survivorship action (Compl. ¶¶ 71-72 (Count VI)).

16. Plaintiff seeks actual and punitive damages, and to recover his costs in pursuing the State Court Action. (Compl. ¶ 72.) Although the Complaint does not allege an amount-in-controversy, the value of this matter in dispute exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) ("[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that . . . '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332,' so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner." (internal citations omitted)); *Mattison v. Wal-Mart Stores, Inc.*, C.A. No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2-3 (D.S.C. Feb. 4, 2011) (same, applying *Ellenburg*)

### III. DEFENDANT PAUL GRANGER WAS FRAUDULENTLY JOINED TO THE STATE COURT ACTION

17. The Complaint ¶ 3 names Paul Granger as the only non-diverse Defendant in the State Court Action. Aside from ¶ 3, he is not directly referenced in the entire body of Plaintiff's Complaint. The sole basis by which Paul Granger is purportedly named as a Defendant is because he "is the administrator of SSC Sumter East Operating Company, LLC d/b/a Sumter East Health and Rehabilitation Center." *Id.* While this assertion is factually true, it ignores the stark reality that Mr. Granger was not employed as the administrator of Defendant Sumter East at

5

any single point during Plaintiff's decedent, Linda Fagnant's, residency. *See* Declaration of Paul Granger, attached hereto as **Exhibit B.** Indeed, the inception of Mr. Granger's employment with Defendant Sumter East was nearly two years after Ms. Fagnant left the skilled nursing facility. *Id.* In all respects, Mr. Granger is a stranger to this litigation who has no association to the factual background of these claims. *Id.* Although Granger is a South Carolina citizen, he must be disregarded in assessing diversity of citizenship because Plaintiff fraudulently joined him to this lawsuit.

18.     A resident defendant is fraudulently joined where "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hughes v. Wells Fargo Bank, N.A.*, 617 F. App'x 261, 264 (4th Cir. 2015) (per curiam) (citation omitted) (affirming denial of motion to remand where resident defendants were fraudulently joined because plaintiff failed to establish a right to relief against them). The fraudulent joinder doctrine "enables the court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id*. (internal quotation marks and citation omitted).

19.     In evaluating fraudulent joinder, a court may "look beyond the complaint to determine the propriety of removal." *Flores v. Ethicon, Inc.*, 563 F. App'x 266, 269 (4th Cir. 2014). Such a review is imperative in the instant matter because Mr. Granger's attached declaration affirmatively shows that he, the sole non-diverse Defendant, was not even employed by Defendant Sumter East at any relevant time period pertinent to this lawsuit. His current employment with Sumter East is, of course, the only conceivable connection Mr. Granger could have to this lawsuit. Quite certainly, Plaintiff merely identified the current administrator of Defendant Sumter East in a blatant attempt to destroy diversity citizenship in hopes it would go

unnoticed. *See Parten v. HMR Advantage Health Systems, Inc.*, 2010 WL 892070 (M.D. Ala. 2010)(***finding nursing home administrator to be fraudulently joined where nursing home defendant affirmatively showed that named administrator was not employed at relevant time period***); *Poole v. American Intern. Group, Inc.*, 2006 WL 623962 (M.D. Ala. 2006)(finding fraudulent joinder to exist with regard to individually named employee who was not employed at relevant time period after "Defendant ha[d] presented evidence which Plaintiff [could not] refute"); *Sisters of Mercy Ministries, Inc. v. Viso*, 2001 WL 1586764 (E.D. La. 2001)(finding fraudulent joinder where "plaintiff's complaint [was] insufficient to establish that the individual defendants were in fact employed" in positions that rendered them liable"). In reality, Ms. Fagnant had passed away long before Mr. Granger ever became the administrator at Sumter East.

20. While Mr. Granger's affidavit should affirmatively disprove any "possibility" of establishing a cause of action against him, a close examination of the Plaintiff's Complaint alone should similarly result in a finding of fraudulent joinder. As noted above, Plaintiff's Complaint simply does not factually connect Mr. Granger to any wrongdoing. Rather, Plaintiff's Complaint correctly suggests that Mr. Granger is "currently the administrator at [Sumter East.] ((Compl. ¶ 3) before going on to nonsensically conclude that he is somehow responsible for alleged deficient care that occurred at Defendant Sumter East in 2014. As a result, on its face, the Complaint does not lend credence to the notion of any "possibility" of Defendant Paul Granger having a cause of action established against him since it fails to ever alleged his employment with Sumter East during the relevant 2014 time period. Undoubtedly, the Plaintiff's Complaint falls well short of factually connecting Granger to this lawsuit in any manner.

21.     Assuming arguendo that Mr. Granger were in fact employed by Sumter East in 2014 (which he most assuredly was not), Plaintiff's Complaint is still devoid of merit in its assertions against him.  In whole, Plaintiff's Complaint solely identifies him as the current administrator before engaging in improper group pleading wherein he is collectively identified as part of the "Defendants" who brought harm upon Plaintiff's Defendant.  Such tactics also have been found to be the basis of a finding of fraudulent joinder.  *See, e.g., Flores*, 563 F. App'x at 269 (finding fraudulent joinder where complaint directed allegations to "all of the defendants, diverse and non-diverse," but "contain[ed] no allegations of specific actions by the [non-diverse] defendants"); *Johnson v. GranCare, LLC*, Case No. 15-cv-03585-RS, 2015 WL 6865876, at *3 (N.D. Cal. Nov. 9, 2015) (facility administrator was improperly joined because, apart from an introductory paragraph in the complaint, "virtually every sentence that follows is addressed to *all* defendants collectively—none are directed specifically at [the administrator]"); *Donald v. Arrowood Indem. Co.*, Civil Action No. 2:10cv227KS-MTP, 2010 WL 4853290, at *7 (S.D. Miss. Nov. 23, 2010) ("The focus of this [fraudulent joinder] inquiry must be on the factual allegations specific to [the non-diverse defendant]; [plaintiff] cannot rely upon the numerous, collective allegations of 'Defendants'' wrongdoing."); *Shah v. Wyeth Pharm., Inc.*, No. CV 04-8652 DT (MANx), 2005 WL 6731641, at *3 (C.D. Cal. Jan. 18, 2005) ("[A]llegations against 'Defendants' collectively are insufficient to warrant remand, especially when Plaintiffs fail to allege any 'particular or specific activity' on the part of each of the non-diverse defendants."); *Banger v. Magnolia Nursing Home, L.P.*, 234 F. Supp. 2d 633, 638 (S.D. Miss. 2002) ("The Complaint consists only of conclusory and generic allegations of wrongdoing on the part of all the Defendants.  Such allegations are not sufficient to show that [the facility's administrator] was not fraudulently joined.").

8

22.     Plaintiff's Complaint also fails to identify any cognizable duty on the part of Paul Granger in tort that might render him liable under a negligence theory. Conversely, Plaintiff's Complaint just broadly asserts that Defendant "undertook a duty to render nursing home care" notwithstanding the fact that Mr. Granger is not a licensed care provider. (Compl. ¶ 41). To state a cause of action for negligence under South Carolina law, "the plaintiff must allege facts which demonstrate: (1) a duty of care owed by the defendant; (2) a breach of that duty by a negligent act or omission; (3) a negligent act or omission resulted in damages to the plaintiff; and (4) that damages proximately resulted from the breach of duty." *Savannah Bank, N.A. v. Stalliard*, 400 S.C. 246, 251, 734, S.E.2d 161, 163-64 (2012). Plaintiff's Complaint pleads no duty of care which is applicable to this Defendant, a nursing home administrator.

23.     Plaintiff's Complaint also fails to cite to any statute or regulation related to Mr. Granger himself that might render him liable under a negligence per se theory. "Negligence per se is negligence arising from a defendant's violation of a statute." *Wogan v. Kunze*, 366 S.C. 583, 623 S.E.2d 107, 117–18 (Ct.App. 2005). A statute must permit a private cause of action in order for plaintiffs to maintain a civil suit. "In determining whether a statute creates a private cause of action [in South Carolina], the main factor is legislative intent." *Doe v. Marion*, 373 S.C. 390, 645 S.E.2d 245, 248 (S.C.2007) (finding that the statute for reporting child abuse does not support a private cause of action for negligence per se against a doctor). Plaintiff's Complaint cites to no statute or regulation whatsoever much less one that gives right to a private right of action.

24.     The third cause of action of the Complaint avers that all "Defendants" are liable under a theory of "fraud" and "misrepresentation." (Compl. ¶¶ 50-60.) Under South Carolina law, pleading the tort of fraud requires a heightened level of specificity. *See* Rule 9(b),

S.C.R.C.P.  Further, negligent misrepresentation requires the following showing: (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation.  *See AMA Management Corp. v. Strasburger,* 309 S.C. 213, 222, 420 S.E.2d 868, 874 (Ct.App.1992); *See also, Winburn v. Insurance Co. of N. Am.,* 287 S.C. 435, 339 S.E.2d 142 (Ct.App.1985).

25. Plaintiff's Complaint attempts to plead a claim for negligent misrepresentation against by simply lumping he and other Defendants together without making any distinction between them.  Indeed, the Complaint alleges no facts showing that Defendant Paul Granger *himself* communicated with Ms. Fagnant or her family at any time or in any manner.  Instead, these allegations are directed only to "Defendants" indiscriminately, which is insufficient to preclude application of the fraudulent joinder doctrine.  *See Johnson*, 2015 WL 6865876, at 4 (reaching the same conclusion under California law in finding that a non-diverse defendant was fraudulently joined).  Plaintiff's claim for negligent misrepresentation is nothing more than a mere recitation of elements that fails to articulate the time when these communications were made, who made them, and how they were delivered.  Accordingly, there is no possibility that Plaintiff's Complaint could successfully state a negligent misrepresentation claim against Defendant Granger in state court. )

26. Plaintiff's attempt at pleading fraud similarly lacks any factual substance albeit even more alarming in the context of Rule 9(b)'s heightened pleading standards.  Fraud is not presumed, but must be shown by clear, cogent, and convincing evidence. In order to prove fraud,

the following elements must be shown: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *King v. Oxford*, 282 S.C. 307, 318 S.E.2d 125 (Ct.App.1984). A complaint is fatally defective if it fails to allege all nine elements of fraud. *Inman v. Ken Hyatt Chrysler Plymouth, Inc.*, 294 S.C. 240, 363 S.E.2d 691 (1988). Where the complaint omits allegations on any element of fraud, the trial court should grant the defendant's motion to dismiss the claim. Id. Further, Rule 9(b), SCRCP provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Plaintiff's Complaint shows "no possibility" of recovery against Mr. Granger on either theory is Plaintiff's allegations consist of nothing more than boilerplate assertions which presumably are derived from a form complaint. The nine elements of fraud are clearly not sufficiently plead with particularity.

27.     Lastly, Plaintiff's Complaint attempts to state a claim for a violation of the South Carolina Unfair Trade Practices Act despite the fact that Plaintiff's claim relates to personal injury arising from a skilled nursing facility. No South Carolina appellate court has ever authorized a claim arising under the South Carolina Unfair Trade Practice Act against a nursing home administrator, much less one arising from allegations of deficient nursing care. There is no possibility of recovery arising under this cause of action either.

28.     In short, Plaintiff has fraudulently named Defendant Paul Granger to this action to destroy diversity and, as a result, his citizenship should be ignored. Defendant Paul Granger was

not employed at Sumter East during the factually relevant time period and no cause of action has any "possibility" of recovery against him.

29. As required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Removing Defendant FCOS will give written notice thereof to Plaintiff in the form attached as **Exhibit C**, which will be filed in the Court of Common Pleas for Greenville County, South Carolina.

Respectfully submitted,

YOUNG CLEMENT RIVERS, LLP

By: _s/ D. Jay Davis, Jr._
D. Jay Davis, Jr. Federal I.D. #: 6723
Perry M. Buckner, IV  Federal I.D. #: 11298
P.O. Box 993, Charleston, SC  29402
(843) 720-5415;  E-mail:  jdavis@ycrlaw.com
Attorneys for the Defendant SSC Sumter East Operating Company, LLC

Charleston, South Carolina

Dated: November 14, 2016